ORIGINAL

FILE BY FAX

1  LARA R. SHAPIRO (State Bar No. 227194)
2  4145 Via Marina # 324
   Marina del Rey, CA 90292
3  Telephone: (310) 577-0870
4  Facsimile: (424) 228-5351

5  *Of Counsel to*
6  Lemberg & Associates LLC
   A Connecticut Law Firm
7  1100 Summer Street
8  Stamford, CT 06905
   Telephone: (203) 653-2250
9  Facsimile: (203) 653-3424

10  Attorneys for Plaintiff,
11  Alise Bamforth

E-filing

12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA          JSW

15

16                                    C V  10  1253

17  Alise Bamforth,                   Case No.:
18
19              Plaintiff,            **COMPLAINT FOR DAMAGES**
                                      **1. VIOLATION OF FAIR DEBT**
20      vs.                           **COLLECTION PRACTICES ACT,**
                                      **15 U.S.C. § 1692 ET. SEQ;**
21                                    **2. VIOLATION OF FAIR DEBT**
    Reliant Recovery Services, Inc.; and  **COLLECTION PRATICES ACT,**
22  DOES 1-10, inclusive,             **CAL.CIV.CODE § 1788 ET. SEQ.**
23
                Defendants.
24                                    **JURY TRIAL DEMANDED**

25

26

27

28

For this Complaint, the Plaintiff, Alise Bamforth, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Alise Bamforth (hereafter "Plaintiff"), is an adult individual residing in Pittsburg, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Reliant Recovery Services, Inc. (hereafter "Reliant"), is a company with an address of 2210 East Route 66, Suite 101, Glendora, California 91740, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Reliant and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Reliant at all times acted by and through one or more of the Collectors.

## **ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A.     The Debt**

8.     A financial obligation was incurred (the "Debt") to a creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Reliant for collection, or Reliant was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Reliant Engages in Harassment and Abusive Tactics**

12.     Reliant called the Plaintiff at least three (3) times per week.

COMPLAINT FOR DAMAGES

13. Reliant's agent, Rosie, told the Plaintiff that they were looking for "Tracy," whose phone number is listed as the Plaintiff's phone number.

14. The Plaintiff told Rosie that she is not "Tracy," and that she recently received this phone number when she applied for a new phone.

15. Rosie demanded the Plaintiff pay the $1,900.00 even though the Debt is not hers.

16. The Plaintiff told Rosie to stop contacting her.

17. Rosie continued to contact the Plaintiff.

18. When the Plaintiff would tell Rosie that she was not "Tracy," Rosie would call the Plaintiff "Tracy" more often.

19. When the Plaintiff asked to speak to another agent, Rosie said that she was a supervisor and that the Plaintiff could not speak to another agent.

20. Rosie then told the Plaintiff to "Speak to me with a civil tone in your mouth."

21. When the Plaintiff asked Rosie for the name of her employer, Rosie would not say upon whose behalf she was calling.

22. The Plaintiff called back the number Rosie called from, where another agent of Reliant told the Plaintiff that Rosie was calling on behalf of Reliant.

COMPLAINT FOR DAMAGES

23. Reliant failed to notify the Plaintiff of her rights under state and federal law by written correspondence within five (5) days after initial contact, including the right to dispute the Debt.

## C. Plaintiff Suffered Actual Damages

24. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

4

29. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

30. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

31. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

32. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

33. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

34. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

35. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

36. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

1    37.    The Defendants failed to send the Plaintiff a validation notice

2    containing the name and address of the original creditor, in violation of 15 U.S.C.

3

4    § 1692g(a)(5).

5    38.    The Defendants continued collection efforts even though the debt had

6    not been validated, in violation of 15 U.S.C. § 1692g(b).

7

8    39.    The foregoing acts and omissions of the Defendants constitute

9    numerous and multiple violations of the FDCPA, including every one of the above-

10   cited provisions.

11

12   40.    The Plaintiff is entitled to damages as a result of the Defendants'

13   violations.

14

15   ## COUNT II
16   ## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION
     ## PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

17   41.    The Plaintiff incorporates by reference all of the above paragraphs of

18

19   this Complaint as though fully stated herein.

20   42.    The Rosenthal Fair Debt Collection Practices Act, California Civil

21   Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts

22

23   and practices in the collection of consumer debts.

24   43.    Reliant, in the regular course of business, engages in debt collection

25   and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

26

27

28

6

1    44.    The Defendants used obscene and profane language when speaking
2  with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).
3
4    45.    The Defendants caused a telephone to ring repeatedly and engaged the
5  Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in
6  violation of Cal. Civ. Code § 1788.11(d).
7
8    46.    The Defendants communicated with the Plaintiff with such frequency
9  as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).
10   47.    The Defendants failed to comply with the provisions of 15 U.S.C
11
12  § 1692, *et seq*., in violation of Cal. Civ. Code § 1788.13(e).
13   48.    The Defendants did not comply with the provisions of Title 15,
14  Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.
15
16   49.    The Plaintiff is entitled to damages as a result of the Defendants'
17  violations.
18
19                        **PRAYER FOR RELIEF**
20    WHEREFORE, the Plaintiff prays that judgment be entered against the
21  Defendants:
22
23       A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the
24          Defendants;
25
26       B. Statutory damages of $1,000.00 pursuant to 15 U.S.C.
27          §1692k(a)(2)(A) against the Defendants;
28

7

COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C. Costs of litigation and reasonable attorney's fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and

willfully committing violations pursuant to Cal. Civ. Code

§ 1788.30(b);

F. Actual damages from the Defendants for the all damages including

emotional distress suffered as a result of the intentional, reckless,

and/or negligent FDCPA violations and intentional, reckless, and/or

negligent invasions of privacy in an amount to be determined at trial

for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

8

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1

2

3

4

5   DATED:  March 25, 2010                    LARA SHAPIRO

6

7                                              By:___/s/  Lara R. Shapiro_____
8                                              Lara R. Shapiro

9
                                               Attorney for Plaintiff
10                                             Alise Bamforth

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES